PONDER, Judge.
Appellant filed a pleading it calls “Motion to Dismiss.” The brief in support calls it a “Motion to Dismiss Appeal of Appellee with Respect to Penalties .... ”
Appellant sought relief in the Board of Tax Appeals from the assessment of taxes, interest and penalties. The Board affirmed the assessment of taxes and interest but “vacated and set aside” the penalties. Appellant secured a review of judgment of Board of Tax Appeals. Appellee filed an “Answer to Petition for Review of Judgment of Board of Tax Appeals” in which she denied that the “Board of Tax Appeals committed any error either of fact or law, and asserts that the judgment of the Board was in accordance with law and therefore should not be modified or reversed.”
*128 The trial court affirmed the judgment of the Board of Tax Appeals and appellant’s appeal was lodged on May 20, 1981. Appel-lee neither appealed nor answered the appeal. Instead in a brief filed on her behalf on July 6, 1981, apparently in a change of tactics, “prays that the penalties for failure to file returns which were not imposed by the lower courts, be imposed by your Honors in accord with the explicit command of the law, .... ” There was no citation of authority or other explanation of how she can raise this question now after having taken a contrary position in the lower court and without appealing to, or answering the appeal to, this court.
Appellant’s “Motion to Dismiss” asserts that appellee is precluded from raising the question because of this failure to appeal or answer the appeal. We are inclined to agree that the question is not before us but we find inappropriate a motion to dismiss an appeal that is not an appeal. We decline to add to the confusion.
MOTION TO DISMISS DENIED.